IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON LANGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-221 |
| | ) | |
| NATALIE S. PAINE; CPL. EARD TRIMMINGHAM; JUDGE J.WADE PADGETT; ELAINE C. JOHNSON; and MARY GARREN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, currently incarcerated at Valdosta State Prison, requested permission to proceed *in forma pauperis* ("IFP") in this case concerning events alleged to have occurred in Augusta, Georgia. (See doc. nos. 1, 2.) Upon review of the original IFP motion, the Court determined the information submitted showed Plaintiff had sufficient resources to prepay the $405.00 filing fee because he attested to having $1193.78 in his prison account and no debts or financial obligations. (Doc. no. 2, p. 2.) Thus, on December 13, 2024, the Court denied the original IFP motion and directed Plaintiff to pay the full filing fee within twenty-one days. (Doc. no. 4, p. 1.) In that same December 13th Order, the Court explained that if Plaintiff had provided mistaken information about his available funds, he may, in lieu of the fee, submit a renewed IFP motion, supported by a certified copy of his trust fund account statement of each prison where he has been confined for the past six months. (Id. at 1-2.) In response, Plaintiff submitted a renewed IFP motion and inmate account statement, which demonstrate Plaintiff now has $1089.49 in his prison account. (Doc. nos. 5, 6.)

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). An affidavit in support of a request to proceed IFP "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (*per curiam*) (citation omitted). As Plaintiff has nearly $1100.00 in his prison trust account and attests he has no debts or financial obligations, it appears Plaintiff has the ability to pay the $405.00 filing fee.

Having considered the financial information in the record, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second motion to proceed IFP be **DENIED**, (doc. no. 5), and Plaintiff be **DIRECTED** to pay the full filing fee if he intends to pursue this § 1983 case.[1] Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case should be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff commenced this case pursuant to 42 U.S.C. § 1983 and his requested relief includes monetary damages. (Doc. no. 1, p. 6.) To the extent Plaintiff wants to challenge the validity of the conviction for which he is currently incarcerated, such a request for habeas corpus relief must be filed in a separate case. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.").