IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BRANDON LANGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-221 |
| ) | |
| NATALIE S. PAINE; CPL. EARD ) | |
| TRIMMINGHAM; JUDGE J. WADE ) | |
| PADGETT; ELAINE C. JOHNSON; and ) | |
| MARY GARREN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On January 8, 2025, the Magistrate Judge recommended denying Plaintiff's renewed request to proceed *in forma pauperis* ("IFP") and requiring Plaintiff to pay the $405.00 filing fee because he had nearly $1,100.00 in his prison trust account and attested in his renewed IFP motion he had no debts or financial obligations. (See doc. no. 5, p. 2; doc. no. 7.) Objections to the recommendation were due no later than January 27, 2025. (Doc. no. 8.) Having received no objections by the deadline, the Court adopted the recommendation to deny the renewed IFP motion on February 6, 2025, and in accordance with Local Rule 4.2, directed Plaintiff to pay the $405.00 filing fee within twenty-one days. (Doc. no. 9.) Furthermore, the Court directed the Clerk to close the case twenty-five days later if the fee was not paid. (Id. at 1.)

On February 10, 2025, the Clerk of Court received an objection dated January 19, 2025, and postmarked January 29, 2025. (Doc. no. 10.) In this document, Plaintiff asserts that even though the account certification from a prison official states "present balance on hand in prisoner account" is $1,089.49, the recommendation to deny IFP status should be rejected because he has unidentified "obligations/court charges" of $621.67. (Doc. no. 6, pp. 2-3; doc. no. 10.) The "Withdrawals" section of account statement to which Plaintiff cites lists multiple store purchases of up to $75.69, but only one apparent mandatory obligation for a disciplinary report of $29.88. (Doc. no. 6, p. 3.)

After a careful, *de novo* review of the file, to include Plaintiff's belatedly received objections, the Court again concurs with the Magistrate Judge's recommendation to deny the renewed motion to proceed IFP. In light of the conflicting financial information from prison officials and Plaintiff, and without any verifying information from Plaintiff concerning his "obligations/court charges," (which, even if deducted from the $1,089.49 would leave him with sufficient funds to pay the $405.00 filing fee), the Court is not inclined to change its original determination that Plaintiff is not entitled to proceed IFP. The Court **EXTENDS** the deadline to pay the filing fee through and including March 7, 2025.

Of course, should Plaintiff have verifying information about existing "obligations/court charges" or other information explaining why he does not have access to the $1,089.49 balance in his prisoner account as stated by prison officials, he may submit such information by that same extended deadline of March 7, 2025. The Court also reminds Plaintiff, as the Magistrate Judge first explained, if the purpose of Plaintiff's case is to obtain his immediate release by challenging the validity of the conviction for which he is currently incarcerated, he must separately file for habeas corpus relief. (See doc. no. 7, p. 2 n.1 (citing

Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).)  Indeed, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for monetary damages where success would necessarily imply the unlawfulness of his conviction or sentence.

The Clerk shall take no action with respect to dismissing this case unless and until the Court provides further instruction to do so.

SO ORDERED this ___12th___ day of February, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA